**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JEFFREY B. CLARKE | |
| Appellant | No. 9 MDA 2015 |

Appeal from the PCRA Order December 4, 2014
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0000743-1997
CP-22-CR-0000744-1997

BEFORE:  ALLEN, J., OTT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY OTT, J.:                    **FILED AUGUST 07, 2015**

Jeffrey B. Clarke appeals, *pro se*, from the order entered December 4, 2014, in the Court of Common Pleas of Dauphin County, dismissing his fourth petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Clarke seeks relief from the judgment of sentence of 25 to 75 years' incarceration, imposed on November 20, 1998, following a revocation of his probation.[1]  On appeal, Clarke presents three claims in

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] The trial court imposed five consecutive terms of five to 15 years' incarceration on five robbery counts, and four consecutive terms of ten years' probation on four counts of conspiracy to commit robbery.  On the remaining count of conspiracy to commit theft, the trial court imposed a sentence of time served.  The trial court applied mandatory minimums pursuant to 42 Pa.C.S. § 9712 ("Sentences for offenses committed with firearms.").

support of his contention that he is entitled to PCRA relief because his sentence is illegal pursuant to **Alleyne v. United States**, 133 S.Ct. 2151 (2013).  Based on the following, we affirm.

The PCRA court set forth the relevant factual and procedural history as follows:

> [Clarke] was arrested on October 31, 1996, and again on November 10, 1996.  On August 18, 1997, [Clarke] plead guilty to five (5) counts [of] Robbery[3], four (4) counts [of] Criminal Conspiracy to Commit Robbery[4], and one (1) count Criminal Conspiracy to Commit Theft[5].  Thereafter, [Clarke] was sentenced by the Honorable Lawrence F. Clark, Jr., now retired, to five (5) years of intermediate punishment with the first eleven (11) months to be served at the Dauphin County Work Release Center, followed by ten (10) years of probation.
>
> _____
>
> [3] 18 Pa.C.S.A. § 3701 §§ (A)(1).
>
> [4] 18 Pa.C.S.A. § 903.
>
> [5] 18 Pa.C.S.A. § 903.
>
> _____
>
> On June 1, 1998, [Clarke] was arrested for a violation of the conditions of his intermediate punishment.  On November 20, 1998, [Clarke] appeared before Judge Clark for a revocation hearing, at which time his intermediate punishment and probation were revoked.  [Clarke] was resentenced to an aggregate incarceration term of twenty-five (25) to seventy-five (75) years, followed by forty (40) years of probation.  [Clarke] was represented at the revocation hearing by Jason Kutulakis, Assistant Public Defender.
>
> [Clarke] filed a Motion to Modify Sentence, which was subsequently denied by Judge Clark.  Attorney Kutulakis filed a timely direct appeal on [Clarke's] behalf; the judgment [of] sentence was affirmed by the Superior Court on December 6, 1999.  [Clarke] filed a Petition for Allowance of Appeal to the Supreme Court of Pennsylvania on January 4, 2000, which was subsequently denied on May 9, 2000.

First PCRA

On April 30, 2001, [Clarke] filed his first *pro se* PCRA petition. Jeffrey Engle, Esquire[,] was appointed by the Court as PCRA counsel.[8] On August 1, 2001, [Clarke's] PCRA petition was denied. [Clarke] appealed the denial to the Superior Court; the denial was affirmed on July 23, 2002. [Clarke] filed a Petition for Allowance of Appeal to the Supreme Court of Pennsylvania on August 22, 2002, which was subsequently denied on December 24, 2002.

_____

[8] Procedural history prior to 2003 was provided by [Clarke] in his Amended Petition under Post-Conviction Relief Act, filed June 20, 2001.

_____

Second PCRA

On February 27, 2003, [Clarke] filed his second *pro se* PCRA petition. William Shreve, Esquire[,] was appointed by the Court as PCRA counsel. On August 4, 2003, counsel filed Motion to Withdraw pursuant to the Post-Conviction Collateral Relief Act on May 11, 2004, denied [Clarke's] PCRA request and granted court appointed counsel's motion to withdraw. On May 11, 2004, Judge Clark granted counsel's motion to withdraw and denied [Clarke's] PCRA petition. [Clarke] appealed the denial to the Superior Court; the denial was affirmed on January 13, 2005.

Third PCRA

On September 20, 2011, [Clarke] filed his third *pro se* PCRA petition. Jonathan Crisp, Esquire[,] was appointed by the Court as PCRA counsel. On November 23, 2011, counsel filed a Motion to Withdraw with a *Turner-Finley* "No Merit Letter". Judge Clark granted Counsel Motion to Withdraw on November 29, 2011. On December 28, 2011, [Clarke's] PCRA petition was denied. [Clarke] appealed the denial to the Superior Court; the denial was affirmed on July 30, 2012. [Clarke] filed a Petition for Allowance of Appeal to the Supreme Court of Pennsylvania on August 23, 2012, which was subsequently denied on January 7, 2013.

Fourth PCRA Petition

On September 5, 2014, [Clarke] filed his fourth *pro se* PCRA petition. In [Clarke's] PCRA petition, he claimed that he is

eligible for relief because of a Constitutional violation; the imposition of a sentence greater than the lawful maximum; and a proceeding in a tribunal without jurisdiction. [Clarke] alleges an illegal sentence because additional factors were used to determine the sentence that was not submitted to the jury[14].

_____
[14] [Clarke] was not sentenced following a trial by jury; he was sentenced based upon guilty plea.
_____

PCRA Court Opinion, 11/5/2014, at 1-3 (some footnotes omitted). On November 5, 2014, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing. On November 20, 2014, Clarke responded to the Pa.R.Crim.P. 907 notice. On December 4, 2014, the PCRA court dismissed Clarke's petition as untimely filed. This appeal followed.[2]

Our standard of review is as follows:

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

***Commonwealth v. Lawson***, 90 A.3d 1, 4 (Pa. Super. 2014) (citations omitted).

_____

[2] On January 14, 2015, the PCRA court ordered Clarke to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. He complied with the court's directive, and filed a Rule 1925(b) statement on February 2, 2015. On February 23, 2015, the PCRA court filed a Statement in Lieu of Rule 1925(a) opinion.

"Crucial to the determination of any PCRA appeal is the timeliness of the underlying petition. Thus, we must first determine whether the instant PCRA petition was timely filed." *Commonwealth v. Smith*, 35 A.3d 766, 768 (Pa. Super. 2011), *appeal denied*, 53 A.3d 757 (Pa. 2012). A PCRA petition must be filed within one year of the date that a judgment of sentence becomes final. *See* 42 Pa.C.S. § 9545(b)(1); *see also Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. *Hernandez, supra*, at 651.

Here, Clarke's judgment of sentence became final on August 7, 2000, 90 days after the Pennsylvania Supreme Court denied his petition for allowance of appeal, and the time for filing a writ of *certiorari* to the United State Supreme Court had expired. *See* Pa.C.S. § 9545(b)(3); *see also* U.S. Supreme Court Rule 13 (petition for writ of *certiorari* is deemed timely when filed within 90 days after discretionary review is denied by the Pennsylvania Supreme Court). Therefore, pursuant to Section 9545(b)(1), Clarke had one year from the date his judgment of sentence became final to file a PCRA petition. *See Commonwealth v. Taylor*, 67 A.3d 1245, 1248 (Pa. 2013), *cert. denied*, 134 S.Ct. 2695 (2014). The instant petition was not filed until September 5, 2014, over 14 years later, making it patently untimely.

An untimely PCRA petition may, nevertheless, be considered if one of the following three exceptions applies:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right ascertained is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i-iii). Furthermore, a PCRA petition alleging any of the exceptions under Section 9545(b)(1) must be filed within 60 days of when the PCRA claim could have first been brought. 42 Pa.C.S. § 9545(b)(2).

Based on the inter-related nature of Clarke's issues, relating to **Alleyne**, we will address them together. [3]   First, Clarke alleges that the

---

[3] In **Alleyne**, **supra**, the United States Supreme Court held "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." **Id.** at 2155. Applying this mandate, our Courts have held that **Alleyne** renders numerous mandatory minimum sentencing statutes unconstitutional. **See Commonwealth v. Hopkins**, ____ A.3d ____ [2015 WL 3949099] (Pa. 2015) (holding 18 Pa.C.S. § 6317 is unconstitutional and non-severable); **Commonwealth v. Newman**, 99 A.3d 86 (Pa. Super. 2014) (*en banc*) (finding 42 Pa.C.S. § 9712.1 unconstitutional). **See also Commonwealth v. Vargas**, 108 A.3d 858 (Pa. Super. 2014) (*en banc*) (invalidating 18 Pa.C.S. § 7508); **Commonwealth v. Wolfe**, 106 A.3d 800 (Pa. Super. 2014) (invalidating 42 Pa.C.S. § 9718); **Commonwealth v. Valentine**, 101 A.3d 801 (Pa. Super. 2014) (invalidating 42 Pa.C.S. §§ 9712 and 9713).

PCRA court erred in denying his PCRA petition because "it did not give consideration to the substantial change in law dictated by *Alleyne*, [*supra*], which made [the provisions of] 42 Pa.C.S. §§ 9712, 9714, and 9716 unconstitutional." Clarke's Brief at 8. Specifically he states, "[i]t is now unconstitutional for a judge to use [an] additional element that the jury assessment [of the] facts did not entail to increase the prescribe range of penalties to which criminal defendant is exposed." *Id.* He further states he was not charged or convicted of possessing a firearm during the crime and the Commonwealth waived its right to use the "mandatory minimum firearm enhancement." *Id.* at 9. In his second argument, Clarke claims the application of the "mandatory minimum firearm enhancement" provision at his revocation sentencing hearing violates *Alleyne*. He states the trial court used a "preponderance of evidence" standard set forth in *McMillian v. Pennsylvania*, 477 U.S. 79 (U.S. 1986), which was overruled by *Alleyne*. *See Id.* at 11-12. In his final argument, Clarke claims that the trial court violated the terms of the negotiated plea agreement by "applying the mandatory minimum firearm enhancement and imposing consecutive sentencing" when re-sentencing Clarke at the revocation hearing proceeding. *See* Clarke's Brief at 13.[4]

_____

[4] It bears mention that in his direct appeal, Clarke argued "the trial court erred by applying the mandatory [minimum], which the Commonwealth previously had agreed to waive." *See Commonwealth v. Clarke*, 750 A.2d
*(Footnote Continued Next Page)*

With respect to these arguments, Clarke does not invoke any statutory exception to the PCRA time-bar. *See* 42 Pa.C.S. § 9545(b)(1)(i-iii), *supra*. Moreover, even assuming that based on *Alleyne*, Clarke is attempting to take advantage of the "new retroactive constitutional right" exception, set forth in Section 9545(b)(1)(iii), Clarke's arguments fail for the following reasons.

First, Clarke filed his fourth PCRA petition on September 5, 2014, more than a year after *Alleyne* was decided on June 17, 2013. In *Commonwealth v. Brandon*, 51 A.3d 231 (Pa. Super. 2012), this Court held "the sixty-day period begins to run upon the date of the underlying judicial decision." *Id.* at 235, citing *Commonwealth v. Baldwin*, 789 A.2d 728, 731 (Pa. Super. 2001), *appeal denied*, 863 A.2d 1141 (Pa. 2004). Therefore, Clarke failed to file his petition within 60 days of the date the claim could have been presented under Section 9545(b)(2). Consequently, the PCRA petition is untimely on this basis.

Second, even if Clarke's petition had been filed within 60 days of *Alleyne*, "neither our Supreme Court, nor the United States Supreme Court has held that *Alleyne* is to be applied **retroactively** to cases in which the

*(Footnote Continued)* ─────────────

365 [185 MDA 1999] (Pa. Super. 1999) (unpublished memorandum, at 7), *appeal denied*, 758 A.2d 660 (Pa. 2000). This Court rejected the argument stating, the trial court "clearly informed [Clarke] that the Commonwealth only agreed to waive the [mandatory minimum] so that he would be eligible to participate in the [intermediate punishment] program." *Id.* at 8 (citation omitted).

judgment of sentence had become final." ***Commonwealth v. Miller***, 102 A.3d 988, 995 (Pa. Super. 2014). Therefore, ***Alleyne*** does not provide Clarke with an exception under Section 9545(b)(1)(iii) to the PCRA's timing requirements. Accordingly, none of Clarke's arguments overcome the PCRA's time-bar.

Because Clarke is unable to demonstrate the applicability of any statutory exception to the timing requirements of the PCRA, we affirm the court's dismissal of Clarke's fourth PCRA petition.[5]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/7/2015

---

[5] Although our reasoning differs from the PCRA court, we may affirm the PCRA court on any basis. ***See Commonwealth v. Reid***, 107 A.3d 137, 144 (Pa. Super. 2014).